IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA-
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMIE D. MURPHY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2022- 2:22-cv-161 |
| | ) | |
| LINETEC SERVICES POWER | ) | Formerly CV-2022-9000031 |
| HOLDING, LLC; WILTON | ) | in the Circuit Court of Montgomery |
| D. SMITH, JR., ET AL. | ) | County, Alabama |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO: Alyssa Noles Daniels, Esq.
Alexander Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233

Circuit Clerk
Circuit Court of Montgomery County, Alabama
Civil Division
P.O. Box 1667
Montgomery, Alabama 36102

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Linetec Services, LLC (improperly named as "Linetec Services Power Holding, LLC") (hereinafter "Defendant" or "Linetec") hereby serves notice of the removal of this cause from the Circuit Court of Montgomery County, Alabama, to this Honorable Court, and respectfully shows unto the Court as follows:

1. This action was originally filed on January 10, 2022, in the Circuit Court of Montgomery County, Alabama, and assigned case number CV-2022-900031.

2. In the Complaint, Plaintiff asserts causes of action against Defendants for negligence, recklessness and wantonness, and seeks compensatory and punitive damages arising out of an automobile accident occurring in Montgomery, Alabama, allegedly causing severe personal injuries to Plaintiff. Plaintiff's complaint also seeks damages for mental anguish, emotional distress, physical pain and discomfort, past and future medical expenses and lost wages. Plaintiff's complaint does not specify the monetary judgment sought, nor does it include allegations from which Defendants could ascertain the amount in controversy.

3. Plaintiff alleges in the complaint that she is a citizen of Montgomery County, Alabama. (Complaint ¶ 1). Plaintiff alleges in the Complaint that Linetec is a foreign partnership/corporation doing business in Montgomery County, Alabama. (*Id.* at ¶ 2).

4. Smith was served with the summons and complaint on January 18, 2022. Linetec was served with the summons and complaint on March 7, 2022. This Notice of Removal is filed within thirty (30) days of the date of service on Linetec of the summons and complaint. Therefore, this Notice of Removal has been filed within the time allowed by law under 28 U.S.C. § 1446(b).

5. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and Linetec has satisfied the procedural requirements for removal.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of costs and interests.

7. Pursuant to 28 U.S.C. § 1446(d), Linetec has served a copy of this Notice of Removal on the Clerk of the Circuit Court of Montgomery County, Alabama and the Plaintiff by filing the same with the state court's electronic filing system (AlaFile).

8. The documents attached hereto as Exhibit A constitute a copy of the Circuit Court's file, including all process, pleadings and discovery served upon Defendants.

I. **Diversity Jurisdiction**

9. This Removal is based on diversity jurisdiction. 28 U.S.C. § 1332. To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000.00 exclusive of interests and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought "between citizens of different States." 28 U.S.C. § 1332(a)(1).

### 1. Complete Diversity Exists in This Case.

10. Plaintiff is a resident citizen of Alabama. (Complaint ¶ 1).

11. Defendant Wilton D. Smith, Jr. resides in Lenoir County, North Carolina, and is, therefore, a citizen of the State of North Carolina.

12. Defendant Linetec Services, LLC is a Delaware limited liability company, and its members are not citizens of Alabama. Therefore, for purposes of diversity jurisdiction, Linetec is a citizen of Delaware, Smith is a citizen of North Carolina, Plaintiff is a citizen of Alabama, and complete diversity exists in this case.

### 2. The Amount in Controversy Exceeds $75,000.

13. In the Complaint, Plaintiff seeks a judgment for an unspecified monetary amount of compensatory and punitive damages. However, Plaintiff's counsel made a settlement demand on Linetec that establishes by a preponderance of the evidence that the amount in controversy in the present case exceeds $75,000.00.

14. Where a plaintiff seeks unspecified damages, as here, a removing defendant "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1208 (11th Cir. 2007). "If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties 'relevant to the amount in controversy at the time the case was removed.'"

4

*Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1332 (M.D. Ala. 2008) (quoting *Williams v. Best Buy Co.*, 269 F. 3d 1216, 1319 (11th Cir. 2001)). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. *See, e.g., Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 768 (11th Cir. 2010); *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414, 1415 (M.D. Ala. 1986) (to disallow removal just because plaintiff did not allege a jurisdictional amount would be "simply unfair"). Calculation of the amount in controversy includes both compensatory and punitive damages. *Bell v. Preferred Life Assurance Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987)). For purposes of establishing the jurisdictional amount in controversy, "multiple claims for relief can and should be considered together in determining [that] amount." *Howard v. Globe Life Ins. Co.*, 973 F. Supp. 1412, 1418 (N.D. Fla. 1996) (citing with approval *Pipes v. American Sec. Ins. Co.*, cv 96-H-206-NE (N.D. Ala. February 29, 1996)).

Relevant evidence of the amount in controversy includes a settlement demand. The *Bankhead* Court states:

> This court agrees…that a **settlement letter is admissible evidence of the amount in controversy at the time of removal**. The Eleventh Circuit Court of Appeals has stated that "numerous types of documents have been held to qualify" as "other paper," which under 28 U.S.C. §

5

1446(b) can serve as a basis for removal. *Lowery*, 483 F. 3d at 1212 n. 62. "They include…**settlement offers**." *Id.*

*Bankhead*, 529 F. Supp. 2d at 1333 (emphasis added) (denying motion to remand because a $150,000 settlement demand evidenced an amount in controversy exceeding $75,000); *see also Lowery*, 483 F. 3d at 1212, n. 62 (including "settlement offers" and "demand letters" in list of evidence that can be considered) (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F. 3d 759, 761-62 (5th Cir. 2000), and *Williams v. Safeco Ins. Co.*, 74 Supp. 2d 925, 929 (W.D. Mo. 1999)); *Hudson v. McGowan*, 2010 WL 1416510, *2 (M.D. Ala. Apr. 8, 2010) (denying motion to demand when pre-suit demand letter said plaintiff would "not accept anything less than policy limits," which were $100,000); *Free v. Baker*, 2009 WL 1748244, *2 (M.D. Ala. June 19, 2009) ("In *Lowery*, the court expressly noted that a demand letter establishing an amount in controversy exceeding $75,000 constitutes an 'other paper' upon which removal may be based…for purposes of ascertaining the amount in controversy, consideration of the pre-suit demand letter is permitted by *Lowery*."); *Lozano v. Schoellerman*, 2009 WL 211080, *2 (S.D. Tex. Jan. 28, 2009).

15.   In the Complaint Plaintiff alleges that as a direct and proximate result of Defendants' negligence, Plaintiff has been injured and seeks damages as follows:

    a.   Bodily injuries;

    b.   Mental anguish and emotional distress;

    c.   Physical pain and discomfort;

   d. Past and future medical expenses; and

   e. Lost wages.

(Complaint ¶ 9(a)-(e))).

  16. In connection with the accident upon which Plaintiff's Complaint is based, counsel for Plaintiff communicated a demand letter to Defendant accompanied by a set of medical records describing the medical treatment Plaintiff received for the alleged injuries. (Exhibit B, Demand Letter with Attachments). The demand letter and medical records describe that Plaintiff was diagnosed with a cervical strain, lumbar radiculopathy and anxiety. The demand letter and medical records also describe that following the accident, Plaintiff presented with lower back, neck and trapezius pain and that she has continued to suffer worsening neck and back pain. The demand letter and medical records also describe the injections, nerve block and physical therapy Plaintiff has incurred as a result of the accident. Included with the demand letter was an itemization indicating that the medical bills incurred by Plaintiff in connection with treatment in the above-described injuries was $15,727.07 as of September 2, 2021. In light of the injuries described in the medical records, the demand letter states a settlement demand for $150,000 against Linetec and Smith. Therefore, Plaintiff's demand unambiguously establishes the amount in controversy requirement for federal diversity jurisdiction. 28 U.S.C. § 1446(b)(3); *see also Lowery*, 483 F. 3d at 1213; *Williams v. Wal-Mart Stores, Inc.*,

534 F. Supp. 2d 1239, 1243 (M.D. Ala. 2008) (denying motion to remand based on other paper received from plaintiff).

17. This Notice of Removal and the evidence relevant to the amount in controversy submitted herewith establish by a preponderance of the evidence that the amount in controversy, including compensatory and punitive damages, sought by Plaintiff through the causes of action asserted in the Complaint more likely than not exceeds $75,000.

18. Therefore, removal of this action is proper on the basis of diversity jurisdiction because the parties are diverse and the amount in controversy more likely than not exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Lowe v. State Farm Fire & Cas. Co.*, 2016 WL 818658, at *3 (M.D. Ala. Feb. 16, 2016), *citing Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 753-54 (11th Cir. 2010); *Lowery*, 483 F. 3d at 1211.

## II. The Other Prerequisites for Removal Have Been Satisfied

19. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of March 7, 2022, the date of service on Linetec. The first defendant was served in this matter on January 18, 2022, however even if another defendant was served before Linetec, this Notice of Removal would still be timely filed because it is within 30 days of Linetec's date of service. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F. 3d 1202, 1209 (11th Cir. 2008) ("We

hereby adopt the last-served defendant rule, which *permits each defendant*, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b).") (emphasis added).

20. Wilton D. Smith, Jr., the only other named Defendant and who has previously been served, consents to the removal of the state court action. 28 U.S.C. § 1446(b)(2)(C). Attached as Exhibit C is Defendant Smith's Consent to Removal.

21. The United States District Court for the Middle District of Alabama, Northern Division embraces the county in which the state court action was filed. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81(b)(1) and 1441(a).

22. Based on the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441, *et seq.*

WHEREFORE, Defendant Linetec Services, LLC respectfully removes this action from the Circuit Court of Montgomery County, Alabama, bearing civil action number 03-cv-2022-900031, to this Court, pursuant to 28 U.S.C. § 1441.

/s/ R. Benjamin Reardon
MICHAEL C. NIEMEYER (ASB-0703-M71M)
R. BENJAMIN REARDON (ASB-1469-J29E)
*Attorneys for Defendant Linetec Services, LLC*

**OF COUNSEL:**
HAND ARENDALL HARRISON SALE, LLC
Post Office Box 1499
Fairhope, Alabama 36533
Telephone: (251) 990-0079
Facsimile: (251) 210-0606
mniemeyer@handfirm.com

HAND ARENDALL HARRISON SALE, LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: 205-324-4400
breardon@handfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, April 5, 2022, served a copy of the foregoing pleading on the following listed counsel of record by mailing the same by United States Mail, properly addressed and first-class postage prepaid.

Alyssa Noles Daniels, Esq.
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, AL 35233
adaniels@asilpc.com

/s/ R. Benjamin Reardon
OF COUNSEL